**In re Charles W. HARRINGTON,
Candy L. Harrington,
Debtors.**

**No. 00–57546.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

May 6, 2002.

Regina Watson, Martin, Browne, Hull & Harper, PLL, Springfield, OH, for European American Bank.

John F. Cannizzaro, Cannizzaro, Fraser, Bridges & Jillisky, Marysville, OH, for debtors.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

### OPINION AND ORDER ON EUROPEAN AMERICAN BANK'S MOTION FOR RELIEF FROM STAY

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the motion for relief from the automatic stay filed by European American Bank. The movant seeks to enforce its state-law remedies with respect to a 1996 Kenworth W900L Tractor leased by the debtor, Charles W. Harrington. The debtor opposed the motion, and at the movant's

request, a preliminary hearing was held on February 21, 2002.

At the preliminary hearing, the movant's counsel asserted that no payments had been made on the tractor lease. The debtor disputed this contention, and the matter was set for a final hearing to be held on March 21, 2002. The Court further directed counsel for the movant to withdraw the certificate of no response filed on February 15, 2002.

At the final hearing, certain records of the chapter 13 trustee's office came into evidence. These records showed that $14,970.17 had been distributed by the chapter 13 trustee to either Sapp Bros. DBR Leasing, Inc. or USA Vehicle Leasing LLC. These payments had been made pursuant to the proof of claim filed by the debtor on behalf of Sapp Bros. DBR Leasing, Inc. That proof of claim directed that all notices should go to the movant. The movant has never filed a proof of claim and presented no testimony at the final hearing.

 The movant believes it is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(1) for cause, namely, a lack of adequate protection. In order to prevail under this provision, the movant must at the outset establish a *prima facie* case that includes the following: (1) a demonstration of a debt owing from the debtor to the movant; (2) a valid security interest possessed by the movant; and (3) a decline in the value of the collateral securing the debt combined with the debtor's failure to provide adequate protection of the movant's interest. Only if the movant establishes a *prima facie* case does the burden shift to the debtor to produce evidence showing that the movant is adequately protected. *See In re Planned Systems, Inc.*, 78 B.R. 852, 860 (Bankr.S.D.Ohio 1987). The movant also asserts as "cause" the debtor's failure to make the lease pay-

ments required under his chapter 13 plan or to maintain an insurance policy on the tractor with the movant named as a loss payee.

 Alternatively, the movant seeks relief under § 362(d)(2) based on its allegation that there is no equity in the tractor and that retention of the tractor is not necessary to the debtor's effective reorganization. Under this subsection, the movant has the burden of proof on the issue of the debtor's equity in the tractor. If the movant sustains its burden, then the debtor must establish that the tractor is necessary for his effective reorganization. *See* 11 U.S.C. § 362(h).

 Upon consideration of both prongs of the motion, the Court concludes that the movant is not entitled to relief from stay. The movant did not establish a *prima facie* case under § 362(d)(1) for lack of adequate protection. Nevertheless, the debtor showed that the lease payments were, in fact, made according to the chapter 13 trustee's records and that the recent modification of his plan will be able to cure any arrearages. The debtor also produced evidence of an insurance policy on the tractor.

 Similarly, under § 362(d)(2), the movant did not introduce any evidence that the debtor lacked equity in the tractor. Therefore, the debtor was not required to show that the tractor is necessary for his effective reorganization.

Based on the foregoing, the motion of European American Bank for relief from the automatic stay is **DENIED.**

**IT IS SO ORDERED.**